KIND v. BACON.

(City Court of New York, General Term. January 3, 1901.)

1. ABATEMENT AND REVIVAL—PENDENCY OF OTHER ACTIONS.
    Plaintiff sued on a Lloyd's policy to enforce defendant's liability as
    underwriter, and alleged an assignment of the cause of action to him.
    He produced a judgment roll in an action on the policy against the same,
    party, and on the same allegations, containing the complaint, which al-
    leged an assignment of the claim to one through whom plaintiff claimed
    to have derived title. *Held* that, since this did not show an assignment
    to the plaintiff, a plea that the latter action was still pending was a good
    defense to the suit.

2. SAME—DISCONTINUANCE OF ACTIONS.
    Where two actions on a policy against the same defendant were pend-
    ing at the same time, it was error for the supreme court in one action
    to order the discontinuance of another, without notice to, or consent by,
    the defendant.

Appeal from trial term.

Action by Emanuel Kind against Alexander S. Bacon. From a
judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER and HAS-
CALL, JJ.

Nichols & Bacon, for appellant.
Menken Bros., for respondent.

HASCALL, J. The action is brought to enforce an alleged pro
rata liability of the defendant as an underwriter on a Lloyd's in-
surance policy. The complaint neither alleges, nor do the proofs
show, how many individual underwriters there were to be affected,
nor what the proportion was, but claims that defendant's liability
amounted to $97.14. The answer denies most of the allegations, and
pleads another action pending, in favor of one Cuff, to recover upon
the same policy, against the same defendant, and under the same al-
legations.

The policy of insurance was not offered in evidence. Plaintiff al-
leged an assignment to him of the cause of action, but offered no
proof thereof. Production of a judgment roll, in an action against
the attorneys in fact named in the policy, containing the complaint,
which alleged an assignment of the entire claim to Cuff, under a
policy the subject of the action, was not proof of assignment of the
claim to Kind against the appellant Bacon. It is a good defense
that the case of Cuff against Bacon was still pending, and the ex-
ception duly protected the defendant on appeal. The plaintiff quite
failed to make out his case, and, while it was error not to let de-
fendant go to the jury, we proceed further, and hold the defendant
entitled to even greater relief on the record. We think that the
supreme court had no right nor power to assume in one action to
order the discontinuance of another, without notice to, or consent
by, the party defendant herein.

The judgment appealed from should be reversed, with costs of
appeal, and the complaint dismissed, with costs of action. All con-
cur.